IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CV-58-BO

| | |
|---|---|
| MARVA SIMPSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | **O R D E R** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 13 & 14]. A hearing on this matter was held in Elizabeth City, North Carolina on November 12, 2014 at 10:00 a.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income ("SSI"), based on disability, under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433 and 1381–83d, respectively on September 24, 2010. Plaintiff alleged an onset date of December 15, 2008. Plaintiff's date last insured ("DLI") was September 30, 2010. Ultimately a hearing was held before an Administrative Law Judge ("ALJ"), who determined that plaintiff was disabled as of December 10, 2010, but not before that date. [Tr. 32]. The ALJ's decision finding plaintiff disable after her DLI therefore operated as a denial of her Title II claim, but an approval of her Title XVI claim. The Appeals Council declined to review the ALJ's decision

thereby making it the Commissioner's final decision for the purposes of judicial review. Plaintiff then commenced the instant action for judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff was 54 years old at the time of her filing for benefits. She completed the 10th grade and last worked on December 15, 2008. [Tr. 43, 235]. Plaintiff's past relevant work was as a nurse aide, a nurse assistant, and certified medical technician. Plaintiff suffers from depression, anxiety, panic attacks, diabetes, and left shoulder pain.

## **DISCUSSION**

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part

2

404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the plaintiff alleges that the ALJ erred by not finding her disabled as of, at the latest, her DLI, September 30, 2010. The ALJ found that plaintiff met Listing 12.06 as of December 10, 2010. [Tr. 31]. Prior to December 10, 2010, the ALJ found that plaintiff did not meet a listing, had an RFC of medium, could not return to her past relevant work, and could have performed jobs found in significant numbers in the national economy. [Tr. 25–31]. Plaintiff alleges that nothing in her condition changed during the 71 days between her alleged onset date and the date as of which the ALJ found her disabled. Therefore, plaintiff argues that she should have been found disabled as of September 30, 2010 and the ALJ's decision finding otherwise is not supported by substantial evidence. The Court agrees.

Plaintiff argues and the evidence demonstrates that her condition, which the ALJ found severe enough to meet Listing 12.06 as of December 10, 2010, was triggered by two traumatic experiences suffered by plaintiff. The first was when she lost guardianship of the foster children she was caring for at the time in 2003. The second incident involved a physical attack at her workplace in 2008 which resulted in plaintiff suffering wounds. Plaintiff suggests that because

3

Case 2:13-cv-00058-BO   Document 24   Filed 11/19/14   Page 3 of 5

her condition was trigger induced and no traumatic incidents happened between September 30 and December 10 that the logical inference here is that her condition was unchanged between those dates and therefore the ALJ should have found her disabled as of her DLI. The Court agrees and finds that the relative lack of medical evidence pointing to her disability before September 30, 2010 is overcome by the strong logical inference at work here. Although the ALJ cites medical records supporting her disability in the interim period between September 30, and December 10, a review of his opinion makes clear that his opinion was not contingent upon an event happing during that time period to trigger plaintiff's condition. The evidence in the record from medical records and lay witness testimony supports a finding that plaintiff was disabled under the Act by September 30, 2010. [Tr. 323, 433–34, 73]. Accordingly, the Court finds that the ALJ's opinion was not supported by substantial evidence.

This Court finds that Ms. Simpson was disabled under Listing 12.06 as of September 30, 2010. Because this date was on her date last insured, this Court reverses the decision of the Commissioner and awards benefits to Ms. Simpson. Reversal without remand is appropriate where, as here, the record does not contain substantial evidence to support a decision denying disability, and reopening the record for more evidence would serve no purpose. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v, Bowen*, 672 F.Supp. 230, 236

(E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This _17_ day of November, 2014.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE